### THACKER COAL & COKE CO. v. NORFOLK & WESTERN RY. CO.

(Circuit Court, S. D. West Virginia. May, 1909.)

REMOVAL OF CAUSES (§ 102*)—GROUNDS FOR REMAND—WANT OF JURISDICTION.
    No cause is removable unless it is concurrently cognizable by the state and federal courts, and if a defendant, having removed a cause, thereafter moves to dismiss because of lack of jurisdiction of the state court over the subject-matter, it is the duty of the federal court, at least where the question is in doubt, on seasonable motion therefor to remand the cause, that the state court may for itself determine the question of its jurisdiction.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 220; Dec. Dig. § 102.*]

In Equity. On motion by plaintiff to remand to the state court.

Z. T. Vinson, for the motion.

Holt & Duncan and Jos. I. Doran, opposed.

KELLER, District Judge. The Thacker Coal & Coke Company, a corporation organized under the laws of West Virginia, presented its bill to the judge of the circuit court of Mingo county against the Norfolk & Western Railway Company, a corporation organized under the laws of the state of Virginia praying for an injunction to prevent said railway company from filing before the Interstate Commerce Commission a new and increased schedule of joint rates governing the shipment of coal from certain points in West Virginia to certain ports on the Great Lakes. The judge of said court, upon motion of plaintiff and without notice to the defendant, granted a temporary restraining order or injunction restraining the defendant from filing the said schedule of proposed rates with the Interstate Commerce Commission pending the further order of the court.

At this stage of the proceedings the defendant appeared specially be-

fore the judge of said court and tendered a petition to him in vacation of the court (all the foregoing proceedings having been had in vacation and at chambers) praying that the court proceed no further in the matter, except to direct the removal of the cause to the United States court for the Southern district of West Virginia, and tendering a proper bond conditioned as provided in the act of Congress governing removals. The judge of said state court accordingly issued his order for the removal of said cause, and the defendant caused the record to be docketed in open court at Huntington (the court being then in session), and entered its special appearance to the bill for the purpose of moving to dismiss the bill for lack of jurisdiction of the state court, and at the same time the plaintiff appeared specially for the purpose of moving the court to remand the cause to the state court on the ground that the same was improperly removed to this court.

Several questions in regard to removal cases are well settled and are fundamental, and I will briefly state and call attention to those that have influenced me in the decision of the matter now before me.

No case is removable except such as is concurrently cognizable by the state and federal courts. This is made perfectly clear by Act March 3, 1875, c. 137, § 2, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509). That section, so far as it is material to this question, reads as follows:

"That any suit of a civil nature at law or in equity arising under the Constitution or laws of the United States or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. * * *"

It will thus be seen that removals are only authorized of suits of a civil nature of which the Circuit Courts are given jurisdiction by the preceding section, and by reference to section 1 of Act March 3, 1875 (whether as originally passed or as amended and corrected by acts of 1887 and 1888), it will be found that the only civil jurisdiction conferred by that section is concurrent with that of the courts of the several states. Hence it follows that a petition for removal (if the removal be sustainable) admits that the state court whence the suit was removed had jurisdiction of the subject-matter of the suit, and it follows that, if it is contended by the removing party either that the state court did not have jurisdiction of the subject-matter or that the suit could not have originally been brought in the United States court for the district to which it was removed, on motion, seasonably made, to remand the case, it should be remanded to the state court.

Manifestly, if the state court had not jurisdiction of the subject-matter of the suit, there can be no jurisdiction in this court upon removal, and if that court is without jurisdiction of a cause of action

it is to be supposed that it will so declare when its jurisdiction is properly challenged. If it should decline to recognize the proper limitations upon its civil jurisdiction, the manifestly appropriate remedy is by appeal or writ of error to the state appellate tribunals, and eventually, if necessary, to the Supreme Court of the United States. Certainly the removal act was never designed to permit questions of the extent of the subjects of jurisdiction in the state courts to be determined by the federal Circuit Courts; for no civil case is removable unless the state court had jurisdiction of the subject-matter.

On the other hand, it would be manifestly improper to say to one who had filed a petition for removal and had it granted by a state tribunal, or otherwise lodged the transcript of the record:

"You have no title to contest the question of jurisdiction over the subject-matter, because the filing of your petitioner for removal admits that jurisdiction, both as to the state court and as to this court."

Because waiver cannot confer jurisdiction over the subject-matter, and hence the only appropriate action in such a case is to remand the case and allow the state court to pass upon the question of its jurisdiction, as it is entitled to do.

In the case at bar I express no opinion upon that point. I have similar cases before me, brought directly in my court, and will have to pass upon the question of this court's jurisdiction; but I may say that the only case under which I could retain such a suit in the face of a motion to remand would be one in which I was fully convinced both of the existence of jurisdiction in the state court and in this court over the subject-matter of the suit. The authorities are abundant to the effect that if the jurisdiction is doubtful the case should be remanded, and I may add that, if I were fully and absolutely convinced that the state court never had any jurisdiction over the subject-matter of this suit, it would be my absolute duty to remand the case to that court, because the only authority for the exercise of jurisdiction upon removal rests upon the absolute assumption that the state court had full jurisdiction of the subject-matter.

Remanded.